**STATE ex REAMS v McNARY et**

Ohio Appeals, 6th Dist, Lucas Co

Decided Dec 31, 1936

Frazier Reams, Prosecuting Attorney, Toledo, and Thomas L. Bretherton, Toledo, for appellant.

Fraser, Effler, Shumaker & Winn, Toledo, Smith, Baker, Effler & Eastman, Toledo, Doyle & Lewis, Toledo, and Lehr Fess, Toledo, for appellees.

**OPINION**

By LLOYD, J.

On September 24, 1936, the relator, Frazier Reams, as prosecuting attorney of Lucas County, the appellant herein, filed an application in the Court of Common Pleas against the appellees, Stacey L. McNary, Raleigh D. Mills, Will P. Gunckel and Leroy E. Eastman, asking that court to declare §§11554 and 13444-1, GC, to be unconstitutional and, in any event, to find and declare that those sections do not apply to the trial of an indictment pending therein against appellees and docketed in that court as cause No. 21051.

The substance of the application is that the indictment was returned by the grand jury at the January term, 1933, of the Court of Common Pleas and charged the appellees, as officers and directors of The Security-Home Trust Company, with unlawfully and wilfully receiving certain money and checks of a stated value as deposits from certain named depositors of the bank, they then having knowledge that the bank was insolvent; that each of the appellees has demanded in writing of relator that he, as prosecuting attorney, furnish each of them with copies of all papers, documents, records and other instruments intended to be used by him at the trial of the cause, which has been set for trial on the * * * day of November, 1936, and will object to the introduction thereof in evidence unless the demand is theretofore complied with, the demand having been made by appellees pursuant to §11554, GC; that the assets, property, books, files and records of The Security-Home Trust Company are and since June 16, 1931, have been in the custody of the Superintendent of Banks for purposes of liquidation; that when the Superintendent of Banks assumed control of the bank property and assets there were on deposit with the bank more than thirty-five millions of dollars deposited by between forty-five and fifty thousand persons, firms, partnerships and corporations, and that there were then and now are more than 100,000 separate items, records, entries, books and records that were used by the bank in the conduct of its business; that in the trial of the cause it will be necessary for the state of Ohio to offer as evidence all of the records, proceedings and books of the bank, and that the cost of making copies thereof will exceed $35,000; that neither the state of Ohio nor the prosecuting attorney has any funds wherewith to furnish the requested copies and sufficient funds can not lawfully be appropriated or expended therefor and that the judges of the Court of Common Pleas have denied an application of relator for additional funds as provided in §3004-1, GC; that each of the appellees has equal access with relator to the records, proceedings and books now in the possession of the Superintendent of Banks and

the same are as available to appellees for inspection and examination as they are to the state of Ohio or to relator or his assistants, and that appellees and their attorneys have the same opportunity of inspecting, examining and making copies of the records, proceedings and books as has relator; that it is the contention of relator that §11554, GC, does not require the state of Ohio to comply with the demand of appellees and that if it is construed to so apply "it will be impossible for the state of Ohio to try said cause No. 21051 or similar cases where the record and evidence to be used in the trial are voluminous and numerous as in said cause No. 21051" and "would deny the prosecuting attorney the right to proceed in the prosecution of said cause No. 21051 and cases involving the same or similar statutes as involved in said cause No. 21051." Then follows the prayer to which reference has hereinabove been made.

Summons was issued on the application for each of the appellees, that for McNary being issued to the sheriff of Cuyahoga County and served by him on McNary on September 30, 1936. A motion to quash the service of summons so made was filed by McNary on October 22, 1936, and overruled on November 24, 1936. On October 22, 1936, appellees Gunckel, Eastman and Mills severally filed motions to strike from the application of appellant certain portions thereof. These motions were overruled on November 24, 1936. On December 4, 1936, McNary, Gunckel and Eastman, and on December 8, 1936, Mills, filed general demurrers to the application of appellant, each of which, according to the record, was heard and sustained on November 24, 1936, and appellant not desiring to plead further, the cause was then dismissed at appellant's costs. The entry reciting the sustaining of the demurrers and the judgment thereon was filed and journalized on December 4, 1936. From this judgment, the relator appeals to this court on questions of law.

As will have appeared from the foregoing narrated facts, the relief sought by relator is ancillary to the basic action pending in the Court of Common Pleas on the indictment found by the grand jury at the January term, 1933, of that court. If that action were not pending, the application of relator would have no foundation in fact or in law.

Any finding or declaration made by the court in the instant case seeking to prescribe rules of procedure to be followed in the trial of appellees on the indictment would be ineffective to accomplish the desired object.

The power of a trial judge as to the admission or rejection of proffered evidence can not thus be abridged or destroyed. The judge presiding at the trial of the pending action on the indictment will possess the power and must determine all of the questions presented in the instant case, and may, as his judgment dictates, receive or reject any evidence offered by any of the parties. The only power this court has thereover, is by review on appeal on questions of law.

That the judgment of the Court of Common Pleas is correct seems so clear to this court as to make superfluous further comment on other contentions made by counsel in brief and argument, as to why the judgment should be affirmed.

The judgment of the Court of Common Pleas is affirmed and the cause remanded thereto for execution for costs.

Judgment affirmed.

TAYLOR and CARPENTER, JJ, concur.