## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 16 2019, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Auger
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Karl L. Mulvaney
Jan K. Keefer
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jenny Anne Lee,

*Appellant-Petitioner,*

v.

Paul William Lee,

*Appellee-Respondent*

July 16, 2019

Court of Appeals Case No.
18A-DR-2737

Appeal from the
Marion Superior Court

The Honorable
Timothy Oakes, Judge

The Honorable
Caryl Dill, Magistrate Judge

Trial Court Cause No.
49D02-1201-DR-209

**Vaidik, Chief Judge.**

# Case Summary

[1] After Jenny Anne Lee ("Mother") filed a notice of intent to relocate and Father objected, the trial court set the matter for a hearing sixteen days out. Shortly after the hearing was scheduled, Mother filed a pro se motion to continue the hearing, claiming that she needed time to find an attorney. On the day of the hearing, the trial court denied Mother's motion to continue and proceeded with the hearing. Mother represented herself while Father was represented by counsel. Following the hearing, the trial court issued an order that, among other things, denied Mother's request to relocate and awarded sole legal custody to Father. Mother appeals, raising several issues, one of which we find dispositive: whether the trial court erred in denying Mother's motion to continue. Finding that the trial court should have granted Mother's motion to continue, we reverse and remand.

# Facts and Procedural History

[2] The facts relevant to this appeal are as follows. Mother and Father (collectively, "Parents") are the parents of six children, including O.L., who is their oldest daughter. Mother and Father divorced in January 2014. Parents were each represented by counsel throughout the dissolution proceedings.

[3] As of May 2018, Mother had primary physical custody of O.L., with Father exercising parenting time. Meanwhile, Father had primary physical custody of Parents' five younger children, with Mother exercising parenting time. Parents

shared joint legal custody of all six children. Father was living in Indianapolis and Mother was living in a house near a lake outside of Nineveh. On May 14, Mother filed a pro se notice of intent to relocate to a new house across the lake. She stated there would be "no negative effects of [sic] the children with this move, and they are supportive and excited for the opportunity." Appellant's App. Vol. II p. 91.

[4] On June 4, Father objected to the proposed relocation, asserting that Mother's move "is not for a legitimate purpose, is made in bad faith and not in the best interests of the children as it is her third move in less than two years." *Id.* at 93. He asked the trial court to set the matter for a hearing and to ultimately bar the relocation. Father also asked the trial court to modify child support, emancipate O.L., order Mother to contribute to private-school tuition for the five youngest children, and find Mother in contempt of the trial court's previous order regarding parenting time, child support, and children's medical expenses and order her to pay Father's attorney fees. *See id.* at 96.

[5] On June 5, the trial court set the matter for a hearing on June 21. On June 11, Mother filed a pro se motion to continue the hearing, alleging, in part, that she needed time to retain an attorney. *See id.* at 100. On June 20, the day before the hearing, Father filed an objection to Mother's request for a continuance. He alleged that Mother "has had sufficient time to retain an attorney to represent her in this matter" and requested that Mother "be ordered to pay his attorney fees for the filing of this Objection." *Id.* at 107.

[6]    On the day of the hearing, the trial court denied Mother's request for a continuance and proceeded with the hearing. Mother represented herself while Father was represented by counsel. During the hearing, Mother struggled to comply with the rules of evidence and trial procedure. For example, after Father's attorney asked to admit screen shots of some contentious communication between Mother and Father, the following colloquy ensued:

> [Mother]:  I don't know if I object or it just seems to be going on at this point.
>
> The Court:  Well, you may only object. That's your alternative and it must be a proper objection.
>
> [Mother]:  Can I learn how to just object?
>
> The Court:  No, we're not here to teach you how to be your own lawyer.
>
> [Mother]:  Okay.

Tr. p. 20. Mother also struggled to present evidence in response to Father's assertion that she was in contempt of previous child-support orders:

> [Mother]:  . . . I would like to call for [sic] witnesses. I don't know how to do this. I don't want to be here to be my own attorney.
>
> The Court:  Did you bring any witnesses?

[Mother]:     I didn't know to.  I don't know how to subpoena them.

The Court:    [Mother,] you have been in court innumerable times over the years.

[Mother]:     Correct.

The Court:    You know how this works.

[Mother]:     Correct.  But they are subpoenaed and I don't know a way to subpoena.

*Id.* at 47-48.  Furthermore, throughout the hearing, Mother repeatedly asked for an attorney:

The Court:    . . . Again, [Mother,] is there anything you want to talk about, about these issues?

[Mother]:     I mean, . . . there is a lot but I need an attorney.

*Id.* at 51.

[7]   In August, the trial court issued an order in which it (1) denied Mother's request to relocate, (2) found that O.L. would be emancipated by operation of law on September 17, 2018, and thereafter Father's duty to pay child support to Mother for O.L. would cease, (3) modified Mother's child-support obligation to Father for the five youngest children, (4) ordered Mother to pay fifty percent of private-school tuition for the five youngest children, (5) ordered Mother to pay fifty percent of children's extracurricular-activity costs, (6) awarded sole legal

custody to Father, (7) found Mother in contempt of the trial court's previous order regarding parenting time, child support, and children's medical expenses and ordered her to pay $1,000 of Father's attorney's fees.

[8]     Mother now appeals.

# Discussion and Decision

[9]     Mother contends that the trial court should have granted her motion to continue. Indiana Trial Rule 53.5 provides, in part, that a motion to continue "shall be allowed upon a showing of good cause established by affidavit or other evidence." We review a trial court's decision to grant or deny a motion to continue for an abuse of discretion. *J.P. v. G.M.*, 14 N.E.3d 786, 789 (Ind. Ct. App. 2014). An abuse of discretion may be found in the denial of a motion for a continuance when the moving party has shown good cause for granting the motion, but no abuse of discretion will be found when the moving party has not demonstrated that he or she was prejudiced by the denial. *In re K.W.*, 12 N.E.3d 241, 244 (Ind. 2014).

[10]    Mother has demonstrated good cause for a continuance. Mother's June 11 motion to continue asserted that she needed time to hire counsel. She likely did not already have counsel because she could not have anticipated that her May 14 notice of relocation would result in Father requesting a modification of child support and emancipation of O.L. and alleging that she was in contempt. Moreover, delaying the hearing to allow Mother to retain an attorney would

not have prejudiced Father to an extent to justify the denial of the continuance. That is, the hearing was scheduled a mere sixteen days after Father objected to Mother's relocation and requested that the court modify child support and find Mother in contempt, among other things. As such, we conclude that good cause existed at the time of Mother's motion and that the trial court should have continued the hearing.

[11] Mother has also shown that she was prejudiced by the denial of her motion. It is obvious that Mother was unprepared to represent herself, and for good reason: the trial court denied her motion to continue the hearing the same day that the hearing was scheduled to occur. And Mother clearly suffered by representing herself. That is, she did not call any witnesses, struggled to cross-examine Father, and struggled to make objections. After the hearing, the trial court not only gave Father everything he asked for, but also gave him something he did not ask for, namely, sole legal custody. The trial court's ten-page order includes numerous findings regarding the evidence presented with respect to the criteria found in Indiana Code sections 31-16-8-1 (modification of child support), 31-16-11-1 (attorney's fees), 31-16-12-6 (contempt), and 31-17-2-21 (modification of child custody). This case required comprehension of the law with respect to a parent's relocation as well as the rules of evidence and trial procedure. Under the circumstances of this case, we conclude that the denial of Mother's request for a continuance deprived her of counsel at a "critical stage in the proceedings" in a case involving at least some complexity and that Mother was prejudiced by the denial of her motion to continue. *See Hess v. Hess*, 679

N.E.2d 153, 155 (Ind. Ct. App. 1997). We reverse the trial court's order and remand for a new hearing.

[12] Reversed and remanded.

Kirsch, J., and Altice, J., concur.